UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4703

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GARY STEVEN ALLMOND,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-04-12; CR-04-58; CR-04-59; CR-04-60; CR-04-61)

Submitted: June 15, 2005          Decided: July 14, 2005

Before LUTTIG and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

William L. Osteen, Jr., ADAMS & OSTEEN, Greensboro, North Carolina, for Appellant. Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gary Steven Allmond appeals his convictions and ninety-month sentence imposed following his guilty plea to five counts of bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). Allmond's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising sentencing issues under Blakely v. Washington, 124 S. Ct. 2531 (2004), but stating that, in his view, there were no meritorious grounds for appeal. Following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), we gave the parties an opportunity to submit supplemental briefing discussing the impact of the Booker decision on the case. Counsel now argues that Booker requires that the case be remanded to the district court for imposition of a new sentence. Allmond has filed a one-page pro se supplemental letter, informing the court that he objects to a three-level enhancement imposed for use of a weapon pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(2) (2003). For the reasons discussed below, we vacate Allmond's sentence and remand for resentencing in light of Booker.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by

- 2 -

severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory.  Id. at 756-57 (Breyer, J., opinion of the Court).

Based on our review of the record, we find that Allmond's sentence was enhanced based on facts that were not admitted by him nor proved to a jury beyond a reasonable doubt.  Thus, pursuant to Booker, we find that Allmond's sentence was imposed in violation of the Sixth Amendment and note that the district court also erred in treating the guidelines as mandatory.[1]  We therefore vacate Allmond's sentence and remand for resentencing consistent with the Booker decision.

We note that counsel raises one additional Blakely issue in his initial Anders brief, contending that the district court's calculation of Allmond's criminal history category was unconstitutional.  Citing Almendarez-Torres v. United States, 523 U.S. 224 (1998), counsel argues that determinations involving criminal history points go well beyond the mere "fact of a prior

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Allmond's sentencing.

conviction" and therefore must be admitted by the defendant or found by a jury beyond a reasonable doubt.

In Almendarez-Torres, the Supreme Court held that "the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." In Apprendi v. New Jersey, 530 U.S. 466, 490 (2005), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi did not overrule Almendarez-Torres and the Court recently reaffirmed its holding in Apprendi. See Booker, 125 S. Ct. at 756. Moreover, our review of the record reveals that the district court's assessment of criminal history points was based on the summary of the convictions in Allmond's presentence report and merely involved consideration of the sentence imposed for each conviction. Accordingly, we conclude that the district court properly considered Allmond's prior sentences in calculating his criminal history category. See United States v. Washington, 404 F.3d 834 (4th Cir. 2005). We therefore reject this remaining sentencing claim.

In accordance with Anders, we have reviewed the entire record in this case. Although we affirm Allmond's convictions, we vacate the sentence and remand for resentencing in light of

Booker.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[2]Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  Id.  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (Supp. 2005).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47.